OPINION
Jason T. Anderson is appealing from the determination by the trial court, after a hearing, that he is a sexually oriented offender, and therefore subject to certain registration requirements as required by law. Anderson is presently incarcerated serving a five to fifteen year sentence for felonious assault, a felony of second degree, following his no contest plea to the charge. On this appeal, he brings to us the following two assignments of error:
 THE PROVISIONS OF O.R.C. § 2950.01, ET SEQ., WHEN APPLIED TO CONDUCT PRIOR TO THE EFFECTIVE DATE, VIOLATE THE EX POST FACTO AND RETROACTIVITY CLAUSES OF THE CONSTITUTIONS OF UNITED STATES AND OF THE STATE OF OHIO.
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE: "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT COMMITTED THE CRIME OF FELONIOUS ASSAULT WITH A PURPOSE OF GRATIFYING HIS SEXUAL NEEDS OR DESIRES.
At oral argument, Anderson, through his counsel, virtually abandoned the first assignment of error because the Supreme Court of Ohio has held that the statute in question does not violate the ex post facto and retroactivity clauses of the constitutions of the United States and of the State of Ohio. State v. Cook (1998),83 Ohio St.3d 404.
The first assignment of error is, therefore, overruled.
Anderson was committed to prison in 1991, and no appeal was filed from his conviction. In 1998, the Ohio Department of Rehabilitation and Corrections notified the Common Pleas Court of Miami County, Ohio, where the offense occurred in 1990, that in its opinion, Anderson is a sexual predator. The court thereupon scheduled a hearing, which was duly held on September 29, 1998. Anderson was represented at the hearing by counsel, who orally argued Anderson's case, but presented no testimony. In fact, the State presented no testimony either, but did offer into evidence Anderson's institutional record and the entire case file running back to the charges made in 1990. The court noted that the case file includes not only the charging but also the disposition and the presentence investigation (PSI) report. Both of these, including the PSI, were admitted by stipulation and without objection by Anderson's counsel. The defense also offered into evidence, without objection by the State, the psychological evaluation of Anderson performed in 1998 by Dr. Solomon M. Fulero. At oral argument before this court, both the defense and the State admitted that these documents were offered and accepted into evidence without having been read by either one of them. This court gave counsel for both parties copies of the PSI, with the understanding that it would remain confidential, and offered both counsel the opportunity to review it and, if they wished, to file anything regarding its contents within ten days after the date of oral argument. That time has passed, and nothing has been filed by either party.
The trial court filed its decision on April 16, 1999, and in the following relevant portion explained its decision in finding Anderson not to be a sexual predator but, instead, a sexually oriented offender:
 In this case, there appears to be no evidence, other than the nature and type of act itself, that would indicate that the Defendant, committing the offense, did so for sexual gratification.
 However, the Court in this situation and with this specific offense finds the type, nature and circumstances of the offense, to be sufficient, to find by clear and convincing evidence that the offense was committed for sexual gratification and the Defendant must be considered a sexually oriented offender.
 The most important factor in this determination is that the facts alleged and subsequently plead to constitute "sexual conduct" as defined by the Ohio Revised Code. There can be no contest to this conclusion even though the Defendant actually plead guilty to Felonious Assault without any specific allegation of "sexual conduct."
 The Defendant in this case did not just (contact) touch the one (1) month old victim, but inserted his finger into the baby's vaginal and anal cavities causing anal injury by penetration, a perforated bowel, bruises on both the infant's stomach and buttocks, along with vaginal lacerations.
 The facts admitted by the Defendant in pleading guilty to felonious assault also would support, without question, a conviction of Felonious Sexual Penetration, a sexually oriented offense and a conclusion by this Court that "sexual conduct" was committed by this Defendant.
 Based upon the type, nature and factual circumstances of this incident, the Court concludes by clear and convincing evidence the acts of the Defendant in this specific situation whether titled Felonious Assault or some other offense, constituted "sexual conduct" and was a sexually oriented offense.
 Therefore, the Court concludes that the Defendant is, pursuant to Ohio Revised Code Section 2950.01(D)(3), a sexually oriented offender.
Record 24.
In defining the violent assault against the baby, for whom Anderson was caring while her mother, Anderson's live-in girlfriend, was outside the house on an errand, as "sexual conduct" pursuant to the Ohio Revised Code, the court undoubtedly had in mind the definition of felonious sexual penetration which provides, in summary, that no person shall insert any part of the body into the vagina or anal cavity of another when the person is less than thirteen years of age. Section 2907.12(A)(1)(b).
We have reviewed the facts of the incident as reported in the PSI, and we find that they provide substantial support for the decision of the trial court that Anderson is a sexually oriented offender. Anderson's argument on appeal is that such a finding is error because there is no clear and convincing evidence that Anderson committed the crime of felonious assault with the purpose of sexual gratification. There is evidence in the PSI, however, that during the time in question Anderson indeed had sexual gratification on his mind. Furthermore, how can the penetration of the child have been purely accidental, as Anderson asserts, when both the vaginal and anal areas were forcibly penetrated?
It is true that there was no testimony or direct evidence that Anderson was gratifying himself sexually, but a finding of a purpose of sexual arousal or gratification can be inferred "from the type, nature, and circumstances surrounding the contact."State v. Mundy (1994), 99 Ohio App.3d 275, 289. In doing so, we consider whether "an ordinary prudent person or reasonable person sitting as a juror [would] perceive from the defendant's actions, and all the surrounding facts and circumstances, that the defendant's purpose or specific intention was arousal or gratification of sexual desire." Id. This court has recently held, citing Mundy, supra, that if the evidence, if viewed in a light most favorable to the prosecution and believed, could permit a rational trier of fact to infer that a defendant's conduct was for the purpose of his own sexual arousal or gratification, the finding as such is reasonable and supported by sufficient evidence. State v. Sherrill (Jan. 28, 2000), Montgomery App. No. 17359, unreported.
The trial court's per se analysis that penetration is automatically for sexual gratification, supported by other inferences drawn from the PSI report and the record, is supported by clear and convincing evidence.
The second assignment of error is, therefore, overruled.
WOLFF, J. and FAIN, J., concur.